UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON SPAYD,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　　　　　　　　Defendant. | Case No.: 16-CV-1353 JLS (JLB)<br><br>**ORDER: (1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND (2) *SUA SPONTE* DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO U.S.C. § 1915(e)(2)(B)**<br><br>(ECF No. 3) |

　　　Presently before the Court is Plaintiff Aaron Spayd's Motion to Proceed *In Forma Pauperis* ("IFP"). (IFP Mot., ECF No. 2.) Plaintiff, proceeding through counsel, has submitted a complaint for judicial review of a final decision of the Commissioner of Social Security pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). (Compl. 1, ECF No. 1.)

### IFP MOTION

　　　All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to

---

[1] In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50. See 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees,

prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a).

Here, Plaintiff states that he has $0 in his checking account and has not worked since 2008. (IFP Mot. at 2.) Plaintiff indicates that he and his spouse have monthly obligations totaling $1899, a monthly income of $1985, $484 of which comes from food stamps, and a car of unknown value. (*Id.* at 2–3.) While some of the expenses may be questioned, such as $55 for cell phone, $55 for car insurance, and $120 for gas, the Court is hesitant to find that any of these expenses are unnecessary. *See, e.g.*, *McDaniel v. Astrue*, No. 08-CV-1112, 2009 WL 1158670, at *1 (E.D. Wis. Apr. 28, 2009) (finding that "phone service of some kind is necessary"). In addition, Plaintiff lists two dependent daughters, ages seven and nine. (IFP Mot. at 2.) In the Court's view, Plaintiff's application demonstrates that he is unable to pay the requisite fees and costs. Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP. (ECF No. 3.)

### SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

---

District Court Misc. Fee Schedule) (eff. May 1, 2013). However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. *Id.*

As amended by the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of § 1915 make and rule on its own motion to dismiss before directing the Marshal to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3). *See* Fed. R. Civ. P. 4(c)(3); *Navarette v. Pioneer Med. Ctr.*, No. 12CV0629 WQH DHB, 2013 WL 139925, at *1 (S.D. Cal. Jan. 9, 2013).

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663–64 (citing *Twombly*, 550 U.S. at 556).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679. "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Andrews v. King*, 393 F.3d 1113, 1121 (9th Cir. 2005); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").[2]

"While factual allegations are accepted as true, legal conclusions are not." *Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *3 (E.D. Cal. June 28, 2012)

---

[2] Although courts liberally construe *pro se* litigants pleadings, *see Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (holding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*), Plaintiff is represented by an attorney, *see Montoya v. Colvin*, 2:16-cv-00454-RFB-NJK, 2016 WL 890922 (D. Nev. Mar. 8, 2016).

(citing *Iqbal*, 556 U.S. at 678).  Courts cannot accept legal conclusions set forth in a complaint if the plaintiff has not supported his or her contentions with facts.  *Id.* (citing *Iqbal*, 556 U.S. at 679).

In social security appeals, a complaint challenging the denial of benefits "must provide a statement identifying the basis of the plaintiff's disagreement with the Social Security Administration's determination and must make a showing that the plaintiff is entitled to relief."  *Montoya v. Colvin*, No. 2:16-cv-00454-RFB-NJK, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016) (collecting cases) (finding that the plaintiff failed to state a claim for relief where the complaint merely alleged that the Commissioner's decision to deny benefits was wrong without explaining why, and instead simply recited the general standards governing review of that decision).[3]  "The purpose of the complaint is to briefly and plainly allege facts supporting the legal conclusion that the Commissioner's decision was wrong."  *Hoagland*, 2012 WL 2521753, at *3 (citing *Brown v. Astrue*, No. 11-cv-056-JL, 2011 WL 3664429, at *3 (D.N.H. Aug. 19, 2011)).

In the present case, Plaintiff appeals the Commissioner's decision denying Plaintiff's claim for disability benefits. (Compl. at 2.)  Plaintiff, however, merely claims that he is disabled, and that "the conclusions and findings of fact of the [Social Security Administration] are not supported by substantial evidence and are contrary to law and regulation."  (*Id.*)  This bare recitation of the legal standard is not enough to survive the *sua sponte* screening required by 28 U.S.C. § 1915(e)(2).  *See Harris v. Colvin*, No. SACV 14-0383-GW (RNB), 2014 WL 1095941, at *4 (C.D. Cal. Mar. 17, 2014) (concluding that the plaintiff had failed to state a claim for relief where the complaint did not specify why

---

[3] The *Montoya* court listed the requirements for social security appeal complaints: (1) Plaintiff must establish that he has exhausted his administrative remedies pursuant to 42 U.S.C. § 405(g) and that the civil action commenced within 60 days after notice of final decision; (2) the complaint must list the judicial district in which the Plaintiff resides; (3) the complaint must state how Plaintiff is disabled and when Plaintiff became disabled; and (4) the complaint must contain a short and plain statement that identifies why the Plaintiff disagrees with the Commissioner's determination and show that the Plaintiff is entitled to relief.  2016 WL 890922, at *2.

the ALJ's findings were not supported by substantial evidence or the reasons why the proper legal standards were not applied). The Court therefore finds that the Plaintiff has failed to state a claim for relief, as required by 28 U.S.C. § 1915(e)(2), and **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint.

## CONCLUSION

For the reasons stated above, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to § 1915(a), (ECF No. 2), and;

2. **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint. Plaintiff **MAY FILE** an amended complaint within thirty days of the date on which this Order is electronically docketed. *Should Plaintiff fail to file a FAC within the time provided, the Court will enter a final order dismissing this civil action with prejudice.*

**IT IS SO ORDERED.**

Dated: June 20, 2016

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge