1

2

3

4

5

6

7

8

9

10

11

12                     UNITED STATES DISTRICT COURT

13                   SOUTHERN DISTRICT OF CALIFORNIA

14

15    AARON SPAYD,                              Case No.: 16-CV-1353 JLS (JLB)

16                                  Plaintiff,
                                               **ORDER: (1) ADOPTING REPORT**
17    v.                                        **AND RECOMMENDATION; (2)**
                                                **GRANTING IN PART AND**
18    NANCY A. BERRYHILL, Acting                **DENYING IN PART PLAINTIFF'S**
      Commissioner of Social Security,          **MOTION FOR SUMMARY**
19                                              **JUDGMENT; (3) DENYING**
                                   Defendant.   **DEFENDANT'S MOTION FOR**
20                                              **SUMMARY JUDGMENT; AND (4)**
                                                **REMANDING CASE TO SOCIAL**
21                                              **SECURITY ADMINISTRATION**
22
                                               (ECF Nos. 16, 18, 21)
23

24

25         Presently before the Court are Plaintiff's Motion for Summary Judgment, (ECF No.

26    16), and Defendant's Cross-Motion for Summary Judgment, (ECF No. 18). The Court

27    referred the motions to Magistrate Judge Jill L. Burkhardt, who subsequently issued a

28    thorough, twenty-one-page Report and Recommendation recommending that the Court

1

grant in part and deny in part Plaintiff's Motion for Summary Judgment, deny Defendant's Motion for Summary Judgment, and remand the matter to the Social Security Administration for further proceedings ("R. & R."). (ECF No. 21.) Having reviewed the Parties' motions, Judge Burkhardt's Report and Recommendation, and the underlying Administrative Record, (ECF No. 13), the Court **ADOPTS** Judge Burkhardt's Report and Recommendation in its entirety.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties in connection with a magistrate judge's Report and Recommendation. The district court must "make a de novo determination of those portions of the report to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). In the absence of timely objection, however, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

## ANALYSIS

In the present case, neither party objected to Judge Burkhardt's Report and Recommendation. And the Court here finds no clear error on the face of the record. The Court agrees that the Administrative Law Judge ("ALJ") below "failed to articulate specific and legitimate reasons to discount [both] Dr. Kistler's opinions" and "Plaintiff's statements concerning the limiting effects on the use of his hands as a result of his symptoms." (R. & R. 6; *see also id.* at 15–19 (noting, in sum, that: several of Defendant's motion-based arguments are post-hoc rationales not articulated by the ALJ; the ALJ "fail[ed] to point to any medical evidence in support of [his] conclusion" regarding Plaintiff's alleged mental limitations, whereas Plaintiff supplied ample evidence supporting the contrary conclusion; the ALJ "discounted Plaintiff's testimony regarding the use of his hands" without any

16-CV-1353 JLS (JLB)

meaningful analysis whatsoever; and each error may affect the ultimate disability determination).)[1] Furthermore, the Court agrees that although the ALJ's errors were not harmless, remanding for further consideration is appropriate given that in this case "enhancement of the record would be useful." (*Id.* at 19–20 (quoting *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004)).)

## CONCLUSION

Given the foregoing, the Court **ADOPTS** Judge Burkhardt's Report and Recommendation in its entirety, (ECF No. 21); **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion for Summary Judgment, (ECF No. 16); **DENIES** Defendant's Motion for Summary Judgment, (ECF No. 18); and **REMANDS** the case to the Social Security Administration for further proceedings. Because this concludes the litigation in this matter, the Clerk **SHALL** close the file.

**IT IS SO ORDERED.**

Dated: August 14, 2017

Hon. Janis L. Sammartino
United States District Judge

---

[1] The Court also agrees that the ALJ provided specific and legitimate reasons, supported by substantial evidence in the record, to discount Dr. Recalde's opinion. (*See* R. & R. 7–15 (explaining that ALJ properly gave no weight to Dr. Recalde's Residual Functional Capacity ("RFC") determination because: Dr. Recalde did not exhibit familiarity with Plaintiff either commensurate with a "treating physician" as contemplated by the Social Security Regulations or adequate to form a meaningful opinion regarding the extent of Plaintiff's alleged disability; Dr. Recalde's opinion was contradicted by the record and lacked any supporting test results; Dr. Recalde rarely (if ever) actually saw Plaintiff and did not attach all relevant medical documentation to his completed RFC questionnaire despite being given the opportunity to do so; and that the ALJ properly considered the contrary opinion of a consultative examiner, Dr. Dao, in rejecting Dr. Recalde's opinion).)